**Doris Elaine BROWN et al., Plaintiffs-Appellants,**

v.

**The BOARD OF EDUCATION OF the CITY OF BESSEMER et al., Defendants-Appellees.**

Nos. 30608,* 71–1203.

United States Court of Appeals, Fifth Circuit.

July 16, 1971.

* The board contends that the issues in No. 30608 have become moot by the passage of time, and we must agree another year has thus been lost to the process of de- segregation. This, then, is but another reason for the remand order we now issue.

David H. Hood, Jr., Bessemer, Ala., U. W. Clemon, Birmingham, Ala., Norman Amaker, New York City, for plaintiffs-appellants.

J. Howard McEniry, Bessemer, Ala., for School Board.

Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Brian K. Landsberg, Theodore J. Garrish, Civil Rights Div., Dept. of Justice, Washington, D. C., for the United States.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

BY THE COURT:

The order of the district court under review is vacated and the cause is remanded with direction that the district court required the school board to implement a student and faculty assignment plan for the 1971–1972 school term which complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971); Singleton v. Jackson Municipal Separate School District (en banc), 5 Cir., 1970, 419 F.2d 1211; Id. 425 F.2d 1211, insofar as they relate to the issues in this case, and which reflects any changes in conditions relating to school desegregation in Bessemer since the time of this court's decree of August 28, 1970 [No. 29209]. See also Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F.2d 875.

The district court is further ordered to conduct an evidentiary hearing on the subject of school closings and proposed construction of school facilities to determine whether or not the school board's actions are or have been racially motivated and in compliance with *Swann, supra.*

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir., 1970, 433 F.2d 611, at 618–619.

The mandate shall issue forthwith.

Vacated and remanded with directions.